IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01237-REB-KLM

RICHARD HOUK, and
KENYA HOUK,

    Plaintiffs,

v.

THE TRAVELERS HOME AND MARINE INSURANCE COMPANY, dba Travelers,

    Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiffs' **Renewed Motion for Joinder** [Docket No. 23; Filed June 14, 2012] (the "Motion for Joinder") and Plaintiffs' **Motion to Amend the Complaint Pursuant to Fed. R. Civ. P. 15** [Docket No. 35; Filed September 4, 2012] (the "Motion to Amend").  Defendant has filed a **Response to Plaintiffs' Renewed Motion for Joinder** [#29; Filed July 6, 2012] (the "Response") and Plaintiffs have filed a **Reply to Travelers Response to Their Motion for Joinder** [#33; Filed July 18, 2012] (the "Reply").

    The party whom Plaintiffs seek to join, BluSky Restoration Contractors, Inc., ("BluSky") has filed an **Objection and Response to Plaintiff's Motion for Joinder** [#26; Filed June 21, 2012] (the "BluSky Response") to which Plaintiffs have filed a separate **Reply** [#27; Filed June 26, 2012] (the "Reply to BluSky").  No response to the Motion to Amend has been filed as of the date of this Recommendation.

    The Motion for Joinder and Motion to Amend are referred to this Court [## 24, 36]. The Court has reviewed the motions, the entire record, and the applicable case law, and

1

is fully advised in the premises. For the reasons stated below, the Court respectfully **RECOMMENDS** that Plaintiffs' Renewed Motion for Joinder [#23] be **GRANTED**. The Court further **RECOMMENDS** that upon joinder of the additional party, the lawsuit be remanded to the District Court for Denver County, Colorado, and that the Motion to Amend [#35] be **DENIED AS MOOT**.

**I.   BACKGROUND**

Plaintiffs initiated this lawsuit in the District Court for Denver County, Colorado, on August 12, 2011. *See Complaint* [#4]. Invoking diversity jurisdiction, Defendant removed the case to this Court on May 11, 2012. *See Notice of Removal* [#1]. Prior to removal, Plaintiffs filed an Amended Complaint [#8] in state court on May 11, 2012. Plaintiffs allege in their Amended Complaint that on January 8, 2011, their home and many of its contents sustained severe water damage as a result of a broken pipe. Plaintiffs were insured under a homeowner's policy with Defendant. Plaintiffs allege several claims against Defendant pertaining to the handling of the insurance claim, including breach of contract, bad faith breach of insurance contract, and outrageous conduct, among others.

In a separate action, BluSky filed a complaint against Plaintiffs in the County Court for Douglas County, Colorado on March 2, 2011. BluSky alleges that Plaintiffs failed to fully pay for water damage restoration work done at their home. *See Motion for Joinder* [#23], Exh. 1. On April 10, 2012, Plaintiffs answered the complaint, asserted counterclaims, and raised third party claims against Defendant. *See id.*, Exh. 2. The third party claims against Defendant appear to be identical to the claims alleged against Defendant in the instant action. Defendant appeared in the Douglas County action on May 24, 2012 by filing an answer. *See id.*, Exh. 3. Additionally, Plaintiffs moved for a change of venue to the District

2

Court for Denver County, which was granted on June 19, 2012.  *See Reply to BluSky* [#27], Exh. 2.

## II.     Argument and Analysis

### A.     Motion for Joinder

In their Motion for Joinder [#23], Plaintiffs seek an order from the Court pursuant to Fed. R. Civ. P. 20 joining BluSky as a defendant in this action.  They argue that joinder is proper because Defendant contracted with BluSky for the restoration services performed at Plaintiffs' home and, according to Plaintiffs, Defendant owes BluSky the money that is the subject of BluSky's state court action against Plaintiffs.  They contend, therefore, that BluSky's involvement arises out of the same transaction or occurrence, i.e., the water damage to Plaintiffs' home.  Plaintiffs further argue that if joinder is not granted, the parties will litigate the same facts and damages in two separate forums.

Defendant argues in its Response [#29] that Plaintiffs' sole purpose in seeking to join BluSky is to destroy the Court's diversity jurisdiction and thereby force remand of the case to state court.  Defendant contends that under these circumstances, the question of joinder is not governed by Rule 20 and is instead controlled by a post-removal joinder statute, 28 U.S.C. § 1447(e), which  leaves it to the Court's discretion upon consideration of various factors.  Defendant argues that given the different contracts at issue between Plaintiffs and Defendant, and Plaintiff and BluSky, the Court should exercise its discretion to deny joinder.

Likewise, in the BluSky Response [#26], BluSky argues that Plaintiffs' are seeking joinder solely for the purpose of destroying diversity jurisdiction and forcing a remand. Additionally, BluSky argues that Plaintiffs' dispute with Defendant is different from the

issues between Plaintiffs and BluSky. BluSky contends that its dispute with Plaintiff involves only the balance due under their contract for restoration services and has nothing to do with whether Defendant breached its contract with Plaintiffs in handling the insurance claim.

In their Reply [#33] and their Reply to BluSky [#27], Plaintiffs argue that they are not seeking joinder to destroy diversity jurisdiction. They contend that joinder is proper because the claims arise out of the same occurrence and relate to the same underlying insurance policy. They argue that the "facts and claims are interwoven among the parties and are inextricable." Additionally, they explain that they did not previously seek to join BluSky because until BluSky sued Plaintiffs in Douglas County, there was no reason to do so. They claim that their position has always been that BluSky was Defendant's agent and Defendant had a duty to deal directly with BluSky pursuant to Plaintiffs' insurance policy with Defendant.

Diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) requires that "the citizenship of all defendants must be different from the citizenship of all plaintiffs." *McPhail v. Deere & Company*, 529 F.3d 947, 951 (10th Cir. 2008). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The decision "whether or not to permit joinder of a defendant under these circumstances is committed to the sound discretion of the district court." *Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999). Similarly, "[i]f the defendant is not indispensable, Rule 20(a)(2) permits joinder at the discretion of the district court." *McPhail*, 529 F.3d at 951-952.

In exercising this discretion, the court should consider several factors including

whether joinder will result in undue prejudice, whether the request was unduly delayed, and whether the request was made in good faith. *Id.* at 952; *see also Mayes*, 198 F.3d at 462-463 ("In exercising its discretion under Section 1447(e), the district court was entitled to consider all relevant factors, including: 'the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.'" (citations omitted)). The court should also consider the requirements for permissive joinder under Rule 20(a)(2) whereby any right to relief against the new party must arise from the same transaction or occurrence and include questions of law or fact common to all defendants. *See State Distributors, Inc. v. Glenmore Distilleries Company*, 738 F.2d 405, 416 (10th Cir. 1984).

Here, the parties agree that granting Plaintiffs' Motion for Joinder will destroy the Court's diversity-based subject matter jurisdiction. The Court must therefore exercise its discretion pursuant to 28 U.S.C. § 1447(e) upon consideration of the factors outlined above, including the Rule 20(a)(2) requirements.

The Court agrees with Plaintiffs that any right to relief against BluSky arises out of the same transaction or occurrence as any right to relief against Defendant and involves common questions of law or fact. In their counterclaims against BluSky in the state court action, Plaintiffs allege that in response to the water damage to Plaintiffs' home, Defendant exercised its right to repair Plaintiffs' home and directed Plaintiffs to contract with BluSky for restoration services. *See Motion for Joinder* [#23], Exh. 2 at 3-4. They allege that Defendant is responsible for BluSky's billings and payments. *Id.* They further allege that BluSky has delayed repairs and failed to complete repairs, thereby causing harm for which Plaintiffs allege they are entitled to damages. *Id.* Although Defendant's and BluSky's

respective roles in responding to the water damage to Plaintiffs' home are quite different, Plaintiffs' claims for relief against them arise from the same occurrence. Moreover, in light of Plaintiffs' claim that Defendant directed Plaintiffs to contract with BluSky and that Defendant is responsible for the alleged payment shortfall to BluSky, common questions of law or fact will surely arise. The Court therefore finds that Plaintiffs meet the requirements for permissive joinder under Fed. R. Civ. P. 20(a)(2). Based on that determination, the Court necessarily finds that Plaintiffs' request for joinder is made in good faith and not solely for the purpose of destroying the Court's subject matter jurisdiction.

The other factors for the Court's consideration also weigh in Plaintiffs' favor. Plaintiffs did not wait an unreasonable period of time before filing the Motion for Joinder. The case was removed to federal court on May 11, 2012 and Plaintiffs filed the Motion for Joinder just over one month later on June 14, 2012. Defendant claims this was an unreasonable delay because Plaintiffs first brought this action in state court in August 2011 but never sought to bring BluSky into the case until after it was removed. As Plaintiffs explain in the Reply, however, they have maintained that BluSky was Defendant's agent and that Defendant was responsible for ensuring that BluSky was paid for its services. Consequently, until BluSky brought an action against Plaintiffs in Douglas County in March 2012, Plaintiffs saw no reason to involve BluSky directly. Plaintiffs answered BluSky's complaint in Douglas County on April 10, 2012. Thus, Plaintiffs were not dilatory in filing the Motion for Joinder in this action approximately two months later.

The final factor for the Court's consideration, whether Plaintiffs will be prejudiced if joinder is denied, also weighs in their favor. As noted above, BluSky's action against Plaintiffs is currently pending in the District Court for Denver County. Plaintiffs asserted counterclaims against BluSky and raised third party claims against Defendant that appear

to be identical to the claims against Defendant in the instant action. Thus, while the instant action proceeds in federal court, parallel litigation involving the same parties and many of the same claims is proceeding in state court. The Court finds that requiring Plaintiff to pursue claims that arise out of the same occurrence simultaneously in federal and state court would cause undue harm and be an inefficient use of judicial resources. *See Curry v. United States Bulk Transp., Inc.,* 462 F.3d 536, 543 (6th Cir. 2006) (finding harm to the plaintiff where failing to join nondiverse defendants and remand to state court would require a "two-suit" resolution of the plaintiff's claims). After considering the relevant factors, the Court recommends that the Motion for Joinder be granted.

### B.     Remand

As previously noted, the parties agree that if BluSky is joined as a defendant in this action, complete diversity will no longer exist thereby depriving the Court of subject matter jurisdiction. Thus, in light of the Court's recommendation to grant the Motion for Joinder, the Court further recommends that pursuant to 28 U.S.C. § 1447(e), this action be remanded to the state court.

### C.     Motion to Amend

In their Motion to Amend [#35], Plaintiffs seek leave to bring an additional claim of bad faith against Defendant based on its refusal to defend Plaintiffs and hold them harmless in the action BluSky filed against them. Based on the Court's recommendations to grant the Motion for Joinder and remand this action to state court, the Court recommends that the Motion to Amend be denied as moot.

### III. Conclusion

For the foregoing reasons, the Court respectfully **RECOMMENDS** that Plaintiffs' Motion or Joinder [#23] be **GRANTED** and that this action be **REMANDED** to the District Court for Denver County, Colorado.

The Court FURTHER **RECOMMENDS** that the Motion to Amend [#35] be **DENIED AS MOOT**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: September 10, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge